ELIAS KUMLER AND OTHERS *v.* HENRY TRABER, TREASURER
OF BUTLER COUNTY.

BRINKERHOFF, J. This case, arising out of a grant to, and a leasing of lands by the Miami University, resting, as it does, on a similar state of facts and pleadings, and involving the same questions as the preceding case of *Matheny* v. *Golden*, there will be a like decree for complainants.

BARTLEY, C. J., dissented.

Upon the general question, upon which the decision of this case is made, I have given my views at length, in the foregoing case of *Matheny* v. *Golden*, coming to the following conclusions:

1st. That the circumstances of the case disclose no relation between the State and the lessees, which, properly construed, can constitute a contract on the part of the State with the lessees; and that if a contract arise in the case, it must be between the State and the corporation.

2d. That a legislative exemption from taxation is not a competent subject matter of sale, or contract.

3d. That the *power of taxation,* and the *power of altering* and *repealing* existing laws, are essential functions of sovereignty, a surrender or abridgment of which, by legislative act, cannot be made the subject matter of contract.

4th. That the legislative power of the State, including the power of taxation, as well as the power of altering and repealing existing laws, must remain perfect and complete in the general assembly, at every session, as a continuing body. And one legislature cannot, by the authority of the constitution, in the enactment of laws, provide by contract against their amendment or repeal by a subsequent legislature.

5th. The power of amendment and repeal, not being expressly prohibited in the law, its surrender (if at all feasible) cannot be derived from mere *implication* or *construction.*

6th. If this legislative exemption from taxation could constitute a contract, it would be subject to the necessary incidental condition, that the power could be resumed by the State whenever the general assembly should determine that public policy required it, and repeal the exemption.

7th. By the adoption of the new constitution, the people of the State, in the exercise of their original sovereignty, resumed the power of taxation (if it had been to any extent impaired by legislative relinquishment), by the express provision in the constitution requiring taxation to be by an equal and uniform rule on all property in the State.

The State, ex rel. Morgan, *v.* Auditor of Athens County.

This case differs from the case of *Matheny* v. *Golden*, in the following particulars, to wit:

1st. The exemption from taxation, in this case, is *a simple exemption, unaccompanied by any language of perpetuity,* which is made a material and controlling circumstance in the opinion of the majority of the court, in the other case. Section 13 of the " act to establish the Miami University."

2d. By the 15th section of the law, legislative control over the powers of the corporation is expressly reserved.

3d. By the 10th section of the law, it is expressly provided, as to *the extent of the rights and privileges* of the lessees, that " the said tenants or lessees shall enjoy and exercise all the rights and privileges which they would be entitled to enjoy, did *they hold the said lands in fee simple,* any law to the contrary notwithstanding."

4th. And the exemption from taxation, by the express terms of the 13th section of the law, is only applicable to the lands " as *appropriated and vested in the corporation,*" and, therefore, an exemption simply of the corporation from taxation on *its interest* in the lands, and not an exemption of the lessees from taxation on their interest.